UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARY A. FRY, | ) |
| | ) No. CV-05-0269-MWL |
| Plaintiff, | ) |
| | ) ORDER GRANTING PLAINTIFF'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) AND REMANDING FOR AN |
| JO ANNE B. BARNHART, | ) IMMEDIATE AWARD OF BENEFITS |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT is Plaintiff's motion for summary judgment (Ct. Rec. 11) and Defendant's motion to remand (Ct. Rec. 19), noted for hearing without oral argument on May 8, 2006 (Ct. Rec. 18). Plaintiff Gary A. Fry ("Plaintiff") filed a reply brief on May 1, 2006. (Ct. Rec. 21). Attorney Kenneth L. Isserlis represents Plaintiff; Special Assistant United States Attorney Nancy Mishalanie represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 4). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Ct. Rec. 11) and remands for an immediate award of benefits. The Court **DENIES** Defendant's Motion to Remand. (Ct. Rec. 19).

1                              **<u>JURISDICTION</u>**

2        On May 22, 2001, Plaintiff protectively filed an application

3  for Disability Insurance Benefits ("DIB").  (Administrative Record

4  ("AR") 91).  Plaintiff also filed for benefits on March 5, 2001.

5  (AR 88-90).  However, his March 5, 2001 claim was denied initially

6  and on reconsideration, and Plaintiff did not appeal the

7  reconsideration denial.  (Ct. Rec. 12, p. 11).  Although Plaintiff

8  requested that this earlier claim be reopened and approved, the

9  Administrative Law Judge ("ALJ") assigned to the case ultimately

10 denied the request.  (Ct. Rec. 12, p. 11; AR 36, 463-465).

11 Plaintiff now requests that, on remand, an ALJ be ordered to

12 reconsider his request to reopen his March 5, 2001 claim.  (Ct.

13 Rec. 12, pp. 30-32; Ct. Rec. 21, p. 15).  However, this Court

14 finds no justification for the reopening of Plaintiff's prior

15 claim and declines to order a new ALJ, on remand, to reconsider

16 Plaintiff's request to reopen his earlier claim.  The remand of

17 this case shall therefore pertain only to Plaintiff's May 22, 2001

18 application which was properly appealed following its denial on

19 reconsideration.

20       Plaintiff's May 22, 2001 application (AR 91-94) was denied

21 initially and on reconsideration.  On June 24, 2004, Plaintiff

22 appeared before ALJ R.J. Payne, at which time testimony was taken

23 from Plaintiff and medical expert Arthur B. Craig, M.D.  (AR 458-

24 504).  A supplemental hearing was held on September 17, 2004, at

25 which time vocational expert Deborah LaPoint gave testimony.  (AR

26 505-517).  On October 6, 2004, the ALJ issued a decision finding

27 that Plaintiff was not disabled.  (AR 29-36).  The Appeals Council

28 denied a request for review on July 12, 2005.  (AR 21-23).

1  Therefore, the ALJ's decision became the final decision of the

2  Commissioner, which is appealable to the district court pursuant

3  to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial

4  review pursuant to 42 U.S.C. § 405(g) on September 6, 2005.  (Ct.

5  Rec. 1).

6                        **STATEMENT OF FACTS**

7       The facts have been presented in the administrative hearing

8  transcript, the ALJ's decision, the briefs of both Plaintiff and

9  the Commissioner and will only be summarized here.

10      Plaintiff was 61 years old on the date of the ALJ's decision.

11 (AR 30).  His educational background includes four or more years

12 of college (AR 30, 114), and his past relevant work consists of 25

13 years as an elementary school teacher (AR 30, 487).  Plaintiff

14 alleges disability since June 8, 2000, due to depression, an

15 inability to make decisions, confusion, pain in sternum, digestive

16 problems, inability to sleep, shortness of breath and upper body

17 problems.  (AR 91-94, 126).

18                   **SEQUENTIAL EVALUATION PROCESS**

19      The Social Security Act (the "Act") defines "disability" as

20 the "inability to engage in any substantial gainful activity by

21 reason of any medically determinable physical or mental impairment

22 which can be expected to result in death or which has lasted or

23 can be expected to last for a continuous period of not less than

24 twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The

25 Act also provides that a Plaintiff shall be determined to be under

26 a disability only if any impairments are of such severity that a

27 Plaintiff is not only unable to do previous work but cannot,

28 considering Plaintiff's age, education and work experiences,

engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9ᵗʰ Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person is engaged in substantial gainful activities.  If so, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past.  If a Plaintiff is able to perform previous work, that Plaintiff is deemed not

1  disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

2  At this step, Plaintiff's residual functional capacity ("RFC")

3  assessment is considered.  If Plaintiff cannot perform this work,

4  the fifth and final step in the process determines whether

5  Plaintiff is able to perform other work in the national economy in

6  view of Plaintiff's residual functional capacity, age, education

7  and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

8  416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

9      The initial burden of proof rests upon Plaintiff to establish

10  a *prima facie* case of entitlement to disability benefits.

11  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.*

12  *Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is

13  met once Plaintiff establishes that a physical or mental

14  impairment prevents the performance of previous work.  The burden

15  then shifts, at step five, to the Commissioner to show that (1)

16  Plaintiff can perform other substantial gainful activity and (2) a

17  "significant number of jobs exist in the national economy" which

18  Plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th

19  Cir. 1984).

20                    **STANDARD OF REVIEW**

21      Congress has provided a limited scope of judicial review of a

22  Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold

23  the Commissioner's decision, made through an ALJ, when the

24  determination is not based on legal error and is supported by

25  substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995

26  (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.

27  1999).  "The [Commissioner's] determination that a plaintiff is

28  not disabled will be upheld if the findings of fact are supported

by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either

disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

The ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since 1993. (AR 30). At step two, the ALJ found that Plaintiff was diagnosed with atherosclerotic heart disease in June of 2000 and underwent bypass grafting surgery, has a history of hypersomnia with sleep apnea, has a recurrent depressive disorder and has hypercholesterolemia, impairments considered severe, but that he does not have an impairment or combination of impairments listed in or medically equal to one of the Listings impairments. (AR 31-32, 34-35).

The ALJ concluded that Plaintiff has the RFC to perform a wide range of light exertion work. (AR 33). He specifically found that, prior to June of 2000, Plaintiff, at two-hour intervals, could sit, stand and walk for six hours, could lift up to 20 pounds occasionally and 10 pounds frequently, could not work at unprotected heights or around machinery, and, although he requires medication for his medical condition, retains the ability to be/remain responsive and attentive and carry out normal work activities. (AR 33). The ALJ found that there was insufficient evidence in which to evaluate any medically indicated psychiatric/psychological conditions and noted no psychological limitations stemming from any assessed mental impairments. (AR 33).

At step four of the sequential evaluation process, the ALJ found that Plaintiff retained the RFC to perform his past relevant

work as a school teacher prior to the expiration of his insured status. (AR 34). The ALJ also noted that, given the highly transferable work skills within the educational/academic field, vocational evidence indicated that Plaintiff would also be capable of performing similar jobs such as a teacher's aide (assisting teacher's aide and instructional teacher's aide). (AR 34-35). Accordingly, the ALJ determined at step four of the sequential evaluation process that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 34-36).

### ISSUES

Plaintiff contends that the Commissioner erred as a matter of law. Specifically, he argues that (1) the ALJ erred by rejecting the opinion of his long-time treating physician, Jeffery B. Clode, M.D.; and (2) the ALJ's opinion that Plaintiff is not fully credible is erroneous and not properly supported.

The Commissioner asserts that this Court should remand this case for further proceedings because there are unresolved issues and the record does not require a finding of disability. (Ct. Rec. 20, p. 6). Specifically, the Commissioner asserts that outstanding issues must be resolved prior to a disability determination, including addressing Plaintiff's mental condition, further evaluating Plaintiff's RFC, and further evaluating Plaintiff's subjective complaints. (Ct. Rec. 20, pp. 6-7). The Commissioner concedes that the ALJ erred by failing to properly evaluate the medical evidence of record and by failing to properly evaluate Plaintiff's credibility, but asserts that the testimony and evidence of Plaintiff and Plaintiff's treating physician should not be credited as a matter of law. (Ct. Rec. 20).

**DISCUSSION**

**A.  Plaintiff's Credibility**

Plaintiff argues that the ALJ erred by failing to present clear and convincing reasons for rejecting his testimony.  (Ct. Rec. 12, pp. 25-27).  The Commissioner agrees that Plaintiff's subjective complaints need to be reevaluated, but argues that Plaintiff's credibility is unresolved; thus, his testimony should not be credited as true.  (Ct. Rec. 20, pp. 8-9).

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying impairment, the ALJ may not discredit his testimony as to the severity of an impairment because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  Plaintiff presented objective evidence of an impairment and there is no evidence of malingering indicated; therefore, the ALJ was required to give clear and convincing reasons for rejecting any testimony he did not adopt. *///*

1    The ALJ concluded that Plaintiff's subjective allegations of

2  total disability prior to June 2000 are not supported by the

3  evidence or his own reports of record during that period.  (AR

4  33).  The ALJ discounted Plaintiff's credibility based on the

5  medical evidence of record which the ALJ reported "does not

6  demonstrate or support a finding of 'total' disability prior to

7  June 2000."  (AR 33).

8    The "fact that a claimant's testimony is not fully

9  corroborated by the objective medical findings, in and or itself,

10  is not a clear and convincing reason for rejecting it." *Vertigan*

11  *v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).  Accordingly, as

12  recognized by both parties, the ALJ's rationale for rejecting

13  Plaintiff's testimony was not, by law, clear and convincing.

14  Moreover, "the ALJ must identify what testimony is not credible

15  and what evidence undermines the claimant's complaints." *Lester*,

16  81 F.3d at 834.  The ALJ further failed to specifically identify

17  what evidence undermined Plaintiff's testimony and did not

18  indicate what specific evidence supported his conclusion that

19  Plaintiff was not fully credible.

20    In this case, the ALJ clearly failed to give specific "clear

21  and convincing" reasons, as required by the law, for rejecting

22  Plaintiff's testimony.  The undersigned judicial officer therefore

23  concludes that Plaintiff's testimony was not rejected on

24  permissible grounds.  *Bunnell v. Sullivan,* 947 F.2d 341, 345-46

25  (9th Cir. 1991); 20 C.F.R. §404.1529 (1993).  If the

26  Commissioner's reasons for disbelieving subjective testimony are

27  inadequate, the Commissioner is deemed to have accepted the

28  ///

testimony as true as a matter of law.  *Varney v. Secretary*, 859 F.2d 1396, 1400 (9th Cir. 1988).  Accordingly, the undersigned shall credit Plaintiff's testimony in this matter.

Plaintiff testified at the administrative hearing held on June 24, 2004, that two weeks following the heart procedure, in June of 2000, walking and exercising were difficult and sitting was painful.  (AR 479-480).  He indicated that he bought an electric recliner to assist with getting up and down from a sitting position.  (AR 481).  He was instructed to do very little activity for one year following the surgery (i.e. not to mow the lawn using even a self-propelled mower for one year following surgery) and was not to lift anything heavier than a telephone receiver two weeks after surgery.  (AR 476, 481).  Plaintiff testified that, six months following surgery, he experienced shortness of breath with exertion, such as getting out of a chair.  (AR 481-482).  At that time, he could stand about five minutes at a time and had no problem with sitting, but getting up or down from the sitting position was difficult.  (AR 483).  He was allowed to lift up to 20 pounds six months following surgery.  (AR 483).  Six months following surgery, his pain while sitting still was at a level of three, on a scale of one to 10, and up to an eight if he had hiccups or laughed.  (AR 494).  Six months or a year following surgery, he could walk about 300 feet before needing to rest.  (AR 482-483).  He testified that, a year after surgery, his pain level had pretty much stabilized at a level of two to two and one-half out of 10.  (AR 495).

///

///

Plaintiff testified that since his surgery in June of 2000, he has had ongoing problems with drowsiness. (AR 496). He indicated that he spends most of his day in a recliner, napping off and on throughout the day. (AR 496). He stated that he felt "exhausted" and spent all but maybe an hour of the day in his recliner. (AR 497). He has not gone an entire week without needing to rest or nap since June of 2000. (AR 498).

As noted above, based on the undisputed erroneous credibility determination by the ALJ in this case, the undersigned shall credit Plaintiff's testimony as true as a matter of law. *Varney*, 859 F.2d at 1400.

**B.   RFC**

Plaintiff next contends that the ALJ erred by failing to accord appropriate weight to the opinions of Plaintiff's treating physician when making his RFC determination in this case. (Ct. Rec. 12). Plaintiff specifically claims that the ALJ erred by improperly rejecting the opinions of Dr. Clode regarding Plaintiff's psychological impairments and limitations stemming therefrom. (Ct. Rec. 12). The Commissioner agrees that the medical evidence needs to be further evaluated with regard to Plaintiff's mental condition, but asserts that the ALJ properly found that Plaintiff could perform light exertion work based on the testimony of Dr. Craig and the state agency reviewing physicians. (Ct. Rec. 20).

**1.   Dr. Clode**

The courts distinguish among the opinions of three types of physicians: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither

examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 839 (9th Cir. 1996). A treating physician's opinion is given special weight because of her familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). Thus, more weight is given to a treating physician than an examining physician. *Lester*, 81 F.3d at 830. Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id*.

An ALJ's decision to reject the opinion of a treating or examining physician, may be based, in part, on the testimony of a nonexamining medical advisor. *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995). However, the ALJ must also have other evidence to support the decision such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes*, 881 F.2d at 751-52; *Andrews*, 53 F.3d 1042-43. "An ALJ may reject the testimony of an examining, but nontreating physician, in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts*, 66 F.3d at 184.
///

The Commissioner agrees that the issue of Plaintiff's mental impairments remains unresolved and additionally does not defend the ALJ's decision to reject the opinions of Plaintiff's treating physician, Dr. Clode. (Ct. Rec. 20). As indicated by the Commissioner, although the ALJ acknowledged that Plaintiff's depression and anxiety difficulties became significant after his heart disease diagnosis and that his symptomatology had waxed and waned since then, the ALJ did not analyze these mental impairments or discuss limitations they may have caused. (Ct. Rec. 20, p. 7; AR 31). The Commissioner thus agrees that the ALJ erred by failing to assess or evaluate Plaintiff's mental impairments.

On June 28, 2004, Dr. Clode indicated that Plaintiff "still has very significant depression and . . . is probably not employable based on this." (AR 442). On August 16, 2004, Dr. Clode explained that, since Plaintiff's June 2000 heart surgery, Plaintiff's "depression and anxiety . . . [have] rendered him incapable of gainful employment." (AR 453). Dr. Clode indicated that Plaintiff's major limiting factor following heart surgery was psychiatric and that his depression and anxiety were overwhelming to him. (AR 453). Dr. Clode stated that, since Plaintiff's depression and anxiety were overwhelming to him, discussions about Plaintiff's physical abilities were irrelevant. (AR 453). Dr. Clode opined that Plaintiff's depression made him incapable of productive employment following his heart surgery as he was chronically anxious, poorly focused and unable to attend to detail in a way that would allow him to be in the work force. (AR 456).

///

///

Dr. Clode, Plaintiff's long-time treating physician, treated Plaintiff for more than 25 years. (AR 450). As noted above, a treating physician's opinion is given special weight because of his familiarity with the claimant and the claimant's physical condition. *Fair*, 885 F.2d at 604-05. A regular, treating physician is in the best position to assess an individual's level of functioning. In order to reject the opinions of treating physician, the ALJ is required to give specific, legitimate reasons which are supported by substantial record evidence. *Roberts*, 66 F.3d at 184.

As noted by Plaintiff, the ALJ offered flawed and improper rationale for rejecting Dr. Clode's treating opinions in this case. (Ct. Rec. 12). The ALJ noted that Dr. Clode's opinion was not supported by his "treating notes, with clear indications of no cardiological symptoms, and that the claimant was doing well." (AR 32). However, as noted by Plaintiff, Dr. Clode's opined that Plaintiff's major limiting factor was psychiatric, not cardiologic or otherwise related to physical symptoms. (Ct. Rec. 12, p. 24; AR 453). Dr. Clode's records repeatedly show that Plaintiff was experiencing significant problems with depression and other related impairments, and the ALJ provides no other treating or examining source to contradict Dr. Clode's treating opinion. Since there is no evidence of record contrary to Dr. Clode's opinions, the Commissioner, understandably, does not defend the ALJ's basis for rejecting Dr. Clode's opinions. (Ct. Rec. 20).

Moreover, in making his RFC and ultimate disability determination, the ALJ relied on the opinion of the medical expert, Dr. Craig. It is apparent that Dr. Craig did not evaluate

the mental aspects of Plaintiff's claim. (AR 466, 469). Dr. Craig based his opinions on what the ordinary person could do with the diagnosed physical impairments and not what this particular plaintiff could do. (AR 470-471). Accordingly, it is clear that the ALJ erroneously based his determination on the opinions of Dr. Craig, a physician who has never treated or examined Plaintiff, on the physical limitation factors only.

Based on the foregoing, the undersigned finds that the ALJ's rejection of Dr. Clode's opinions was erroneous, and the ALJ's ultimate RFC determination is not based on substantial record evidence. The ALJ improperly rejected the findings of Dr. Clode. When the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, that physician's opinion is credited as a matter of law. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Accordingly, the undersigned credits Dr. Clode's opinions as a matter of law in this case.

**2.  Vocational Expert Testimony**

Since the undersigned judicial officer finds that the above opinions of Dr. Clode regarding Plaintiff's limitations are credited, the testimony of Debra LaPoint, the vocational expert, regarding those limitations is also accepted. At the administrative hearing held on September 17, 2004, Ms. LaPoint, testified on cross-examination that an individual with the same age, education, work experience and physical limitations identified in the ALJ's hypothetical, with the additional mental

///

///

limitations identified by Dr. Clode, would not be able to perform
Plaintiff's past work or any other work on a reasonably continuos
basis "per Dr. Clode's comments."  (AR 512-514).

Plaintiff's testimony, the opinions of Dr. Clode and the
testimony of Ms. LaPoint demonstrate that Plaintiff would not be
able to perform his past relevant work or any other work given his
mental limitations.  It is apparent from the record that there is
no job in the national economy that Plaintiff is capable of
working.  Accordingly, the undersigned finds that further
development is not necessary for a proper determination to be made
in this case.

**CONCLUSION**

Plaintiff argues that the ALJ's errors should result in this
Court reversing the ALJ's decision and awarding benefits.  (Ct.
Rec. 12).  The Commissioner contends that the case should be
reversed and remanded for further administrative proceedings to
more thoroughly address the evidence.  (Ct. Rec. 20).  The Court
has the discretion to remand the case for additional evidence and
finding or to award benefits. *Smolen v. Chater*, 80 F.3d 1273,
1292 (9th Cir. 1996).  The Court may award benefits if the record
is fully developed and further administrative proceedings would
serve no useful purpose.  *Id*.  Remand is appropriate when
additional administrative proceedings could remedy defects.
*Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).  In this
case, the record is adequate for a proper determination to be made
and further development is not necessary to remedy defects.
///
///

Having reviewed the record and the ALJ's decision, this Court finds that the ALJ erred by rejecting the testimony of Plaintiff and the opinions of Dr. Clode. *Supra.* After crediting and taking into consideration Plaintiff's testimony, the opinion of Plaintiff's treating physician, and the vocational expert testimony, the undersigned finds that the substantial weight of the record reveals that Plaintiff is not capable of performing sustained work activity. The ALJ's determination that Plaintiff can perform his past work is not supported by substantial evidence in the record and was not based upon the proper legal standards. When Plaintiff's testimony and Dr. Clode's opinions are properly credited, the evidence supports an immediate award of benefits. Accordingly,

**IT IS ORDERED**:

1.    Plaintiff's Motion for Summary Judgment (**Ct. Rec. 11**) is **GRANTED** and the case is **REMANDED** for an immediate award of benefits.

2.    Defendant's Motion to Remand (**Ct. Rec. 19**) is **DENIED**.

3.    Judgment shall be entered for **PLAINTIFF**. An application for attorney fees may be filed by separate motion.

4.    The District Court Executive is directed to enter this Order, provide a copy to counsel for Plaintiff and Defendant, and **CLOSE** the file.

**DATED** this ___11th___ day of August, 2006.

s/Michael W. Leavitt
MICHAEL W. LEAVITT
UNITED STATES MAGISTRATE JUDGE
